UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **CHARLES DABBS and**<br>**AMANDA DABBS, on behalf of a**<br>**Class of persons similarly situated,** )<br>)<br>**Plaintiffs,** )<br>)<br>**vs.** )<br>)<br>)<br>**MR. COOPER GROUP INC.,** )<br>**and JOHN DOES,** )<br>)<br>**Defendants.** ) | Case No. _____<br><br>**JURY DEMAND** |

**INDIVIDUAL AND CLASS ACTION COMPLAINT**

Plaintiffs Charles Dabbs and Amanda Dabbs ("the Dabbs") bring this Complaint on behalf of themselves, and on behalf of a Class of other people similarly situated. The Dabbs and Representative Plaintiffs sue Defendants Mr. Cooper and John Does and allege as follows:

**STATEMENT OF THE CASE**

1. Plaintiffs bring this class action suit on their own behalf and on behalf of all other persons or entities in the United States against Mr. Cooper to redress Mr. Cooper's failure to adequately safeguard sums of money entrusted unto them by Plaintiffs. More specifically, this action arises from Mr. Cooper's failure to pay property taxes and insurance with monies paid by Plaintiffs as part of their monthly mortgage payment. As a result of Mr. Cooper's wrongful actions, Plaintiffs' property taxes were delinquent, and Plaintiffs' home was sold and bought at a tax sale auction. Because of Mr. Cooper's actions, many of its customers and/or mortgagees have paid money to Mr. Cooper in trust that Mr. Cooper would uphold their end of the bargain, have had their property rights and interests put at risk of forfeiture, and have otherwise suffered damages.

## JURISDICTION

2. This Court has jurisdiction over this action in accordance with 28 U.S.C. § 1332(a), because the Plaintiffs are citizens of the State of Alabama and the named Defendants are citizens of different states, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

3. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(e), in that a substantial part of the events or omissions giving rise to the claims occurred in the Northern District of Alabama.

## PARTIES

4. Plaintiffs, Charles and Amanda Dabbs ("the Dabbs"), are residents of Jefferson County, Alabama, and reside at and own property located at 1819 Lancaster Road, Homewood, Jefferson County, Alabama.

5. Defendant Mr. Cooper Group Inc. ("Mr. Cooper") is a foreign corporation organized and existing under the laws of the state of Delaware with its corporate headquarters in Coppell, Texas. Mr. Cooper is qualified to do business in the State of Alabama, and was doing business in Jefferson County, Alabama, at all relevant times.

## FACTUAL BACKGROUND

6. Mr. Cooper is a residential loan servicer in the business of origination and transaction-based services related primarily for single-family residences throughout the United States.

7. The Dabbs own a home located at 1819 Lancaster Road, Homewood, Jefferson County, Alabama. The Dabbs' mortgage servicer is Mr. Cooper.

8. As part of its financing, Mr. Cooper estimates each year's taxes and required the Dabbs, as mortgagee, to make an additional monthly payment for their taxes and insurance on top of their mortgage.

9. As a condition of the Dabbs' additional payment, Mr. Cooper agreed to pay the Dabbs' property taxes to the Tax Collector in Jefferson County, Alabama.

10. On or about March 2020, the Dabbs were notified by the Jefferson County Tax Collector's office that their property taxes for 2019 had not been paid and thus were delinquent.

11. The Dabbs contacted Mr. Cooper immediately asking Mr. Cooper to pay the delinquent 2019 property taxes. Mr. Cooper advised the issue was under investigation.

12. In early June 2020, the Dabbs were once again notified their taxes had not been paid and that the property was at risk of being sold at a tax sale auction. The Dabbs contacted Mr. Cooper immediately and were advised the issue was still under investigation and that the Dabbs were not at risk of losing their property at a tax sale.

13. As a result of the Dabbs' 2019 property taxes never being paid, their property was purchased by a third party in July 2020 at a tax sale auction.

## CLASS ACTION ALLEGATIONS

14. Plaintiffs incorporate all prior paragraphs as if restated herein.

15. Plaintiffs bring this class action, pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3), on behalf of themselves and all others similarly situated, consisting of all persons or entities in the United States who have been damaged and/or harmed by Mr. Cooper's failure to pay property taxes on behalf of their mortgagees.

16. Representative Plaintiffs and Members of the proposed Class are residents of Alabama whose property interests have been damaged and/harmed through Mr. Cooper's failure to pay property taxes to County Tax Collectors.

17. The Class proposed by the Representative Plaintiffs and those they represent is as follows:

    a) All owners of real property who have or had their mortgage financed through Mr. Cooper and who have been damaged and/or harmed by Mr. Cooper's failure to pay property taxes on behalf of their mortgagees.

18. Excluded from the Class are:

a) Individual Plaintiffs, the Dabbs;

b) Defendants and any entities in which Defendants have a controlling interest;

c) Any of the legal representatives, heirs, successors, or assigns of Defendants;

d) The Judge to whom this case is assigned and any Member of the Judge's immediate family and any other judicial officer assigned to this case;

e) All persons or entities that properly execute and timely file a request for exclusion from the Class; and

f) Any attorneys representing the Representative Plaintiffs or Members of the proposed Class.

19. Plaintiffs reserve the right to modify or amend the definition of the proposed Class before the Court determines whether certification is appropriate.

20. Numerosity: The Members of the Class are so numerous that separate joinder of each Member is impractical, within the meaning of Rule 23(a)(1). Although the exact number of Class Members will be better established after Class notification, upon information and belief, the number of Members in the Class probably exceeds 25,000 people. Putative Class Members are readily identifiable through records of Mr. Cooper and through property records and may be given any required notices by regular mail, supplemented, if necessary and required by the Court, by published notice.

21. Common Questions of Law and Fact: There are numerous questions of law and fact common to the Class, as required by Rule 23(a)(2), including:

    a) The factual history of Defendants uses of mortgagees' funds and payment of mortgagees' property taxes;

    b) When Defendants knew of the damaging effects of their failure to pay mortgagees' property taxes;

    c) The extent of Defendants' failure to pay mortgagees' property taxes, and the ramifications to Plaintiffs of such failure;

    d) Whether and how much Defendants paid property taxes of Representative Plaintiffs and Class Members;

    e) Whether Defendants invaded the property rights and interests of Representative Plaintiffs' and Class Members' property with failure to pay property taxes;

    f) Whether Defendants' intentional misconduct constitutes conversion;

    g) The necessary remedial actions to prevent Defendants' conduct from harming Representative Plaintiffs' and Class Members' property rights and interests; and

    h) The appropriateness of injunctive relief to prevent Defendants' conduct from harming Representative Plaintiffs' and Class Members' property rights and interests.

22. The questions of law and fact common to Members of the Class predominate over any questions affecting only individual Members, and thus a Class action is superior to other available methods for the fair and efficient adjudication of the controversy.

23. Typicality: The claims of the Representative Plaintiffs are typical of the claims to be advanced by Members of the Class, and their claims encompass those of the other Class Members they seek to represent, as required by Rule 23(a)(3). The claims are typical because the facts and circumstances giving rise to liability are the same, the claims are based on the same legal theories, and the damages suffered by the Representative Plaintiffs are the same kinds of damages suffered by the Members of the Class.

24. Adequacy of Representation: The Representative Plaintiffs can fairly and adequately protect and represent the interests of each Member of the Class as required by Rule 23(a)(4). The Representative Plaintiffs will fairly and adequately protect and represent the interests of the Members of the Class based on the following facts and circumstances: their interests do not conflict; their interests are co-extensive with common rights of recovery based on the same essential facts and legal theories; they are Members of the same communities, they are similarly damaged and are seeking the same remedies; and they intend to prosecute this action vigorously. Plaintiffs have retained counsel competent and experienced in complex Class action and toxic tort litigation.

25. The prosecution of separate actions by individual Members of the Class would create a risk of (a) inconsistent or varying adjudications with respect to individual Members of the Class which would establish incompatible standards of conduct for the Defendants and/or (b) adjudications with respect to individual Members of the Class which would as a practical matter be dispositive of the Members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

26. The Defendants have acted on grounds generally applicable to all Members of the proposed Class, making final declaratory and injunctive relief concerning the Class as a whole appropriate within the meaning of Rule 23(b)(2).

27. Common questions of fact and law between the Representative Plaintiffs and Members of the Class predominate over questions affecting only individual Class Members, within the meaning of Rule 23(b)(3).

28. Additionally, Class action treatment is a superior method to other available methods for the fair and efficient adjudication of the controversy. Certification under Rule 23(b)(3) would be proper in that, among other things: there is no interest by Members of the Class in individually controlling the prosecution of separate actions, the expense of prosecuting individual claims for the

matters for which Class certification is sought would be prohibitive in light of the typical claimant's injuries, neither the Plaintiffs nor Members of the proposed Class have filed or are parties to any litigation in which the legal and factual issues raised herein are to be adjudicated, and it is desirable to concentrate the litigation of claims in a single proceeding so as to avoid unnecessary and expensive duplication of actions and to provide for judicial economy. Whatever difficulties may exist in the management of a Class action will be greatly outweighed by its benefits.

29. Class action treatment is preferable to other available methods in providing a fair and efficient method for the adjudication of the controversy described herein, which has affected a large number of persons. The Class action provides an effective method whereby the enforcement of the rights of the Plaintiffs can be fairly managed without unnecessary expense or duplication.

## COUNT ONE – NEGLIGENCE

30. Plaintiffs re-allege all prior paragraphs as if set forth fully herein.

31. Defendants assumed a duty to exercise due and reasonable care in handling the financial property interests of their mortgagees, which includes ensuring funds set aside for said mortgagees' property taxes were properly and timely paid. By its acts and omissions described herein, Defendants unlawfully breached this duty. The Class was damaged thereby.

32. Defendants breached the duties owed to Plaintiffs and the Class, and under the circumstances, Defendants' breaches constitute negligent, willful and/or reckless conduct.

33. As a direct, proximate and foreseeable result of Defendants' conduct, practices, actions, and inactions, Plaintiffs and members of the proposed Class have been caused to suffer, and will continue to suffer, damages.

34. As a direct, proximate and foreseeable result of Defendants' conduct, practices, actions, and inactions, Individual Plaintiffs, the Dabbs, have incurred expenditures and will incur reasonably ascertainable expenditures in the future.

35.     Therefore, the Representative Plaintiffs and members of the proposed Class claim money damages in an amount that will fairly and reasonably compensate them for the harm caused by the Defendants. In addition, the Plaintiffs claim damages for mental anguish in an amount to be determined by the jury that are fair and reasonable in consideration of the willful, reckless and intentional conduct of the Defendants.

## COUNT TWO – BREACH OF CONTRACT

36.     Plaintiffs re-allege all prior paragraphs as if set forth fully herein.

37.     At all times relevant hereto, there existed a contract between Plaintiffs, the Dabbs, and Defendant, Mr. Cooper.

38.     At all times relevant hereto, there existed a contract between the proposed Class, and Defendant, Mr. Cooper.

39.     Through this contract, the Dabbs and the proposed Class paid monthly mortgage payments to Mr. Cooper, as well as an additional sum for their property taxes and insurance. Said additional sum was to be escrowed by Mr. Cooper and used by Mr. Cooper to satisfy the Dabbs' and the proposed Classes' property taxes and homeowners' insurance when same became due and payable.

40.     Mr. Cooper undertook a contractual obligation to pay the property taxes to County Tax Collectors on behalf of the Dabbs' and the proposed Class.

41.     Mr. Cooper breached its obligation when they failed to pay property taxes owed by the Dabbs and the proposed Class for 2019.

42.     As a direct, proximate and foreseeable result of Defendants' conduct, practices, actions, and inactions, Plaintiffs have been caused to suffer, and will continue to suffer, damages to their real property interest.

43.     As a direct, proximate and foreseeable result of Defendants' conduct, practices, actions, and inactions, Individual Plaintiffs, the Dabbs, have incurred expenditures and will incur reasonably ascertainable expenditures in the future.

44.     Therefore, the Representative Plaintiffs and members of the proposed Class claim money damages in an amount that will fairly and reasonably compensate them for the harm caused by the Defendants. In addition, the Plaintiffs claim damages for mental anguish in an amount to be determined by the jury that are fair and reasonable in consideration of the willful, reckless and intentional conduct of the Defendants.

## **COUNT THREE – CONVERSION**

45.     Plaintiffs re-allege all prior paragraphs as if set forth fully herein.

46.     At all times relevant hereto, there existed a contract between Plaintiffs, the Dabbs, and Defendant, Mr. Cooper.

47.     At all times relevant hereto, there existed a contract between the proposed Class, and Defendant, Mr. Cooper.

48.     Through this contract, the Dabbs and the proposed Class paid monthly mortgage payments to Mr. Cooper, as well as an additional sum for their property taxes and insurance. Said additional sum was to be escrowed by Mr. Cooper and used by Mr. Cooper to satisfy the Dabbs' and the proposed Classes' property taxes and homeowners' insurance when same became due and payable.

49.     Defendants converted Plaintiffs' property, namely funds intended to be escrowed for payment of property taxes and insurance, to its own use, and did not procure and/or pay the property taxes in the manner represented to Plaintiffs.

50.     By holding and using said additional payments made by Plaintiffs and the proposed Class while not paying the property taxes owed by Plaintiffs and the proposed Class, Defendants

assumed unlawful dominion over Plaintiffs' personal property (in the form of money) in defiance or exclusion of Plaintiffs' rights and applicable law.

51. Because of these acts, Defendants are liable to Plaintiffs, the Representative Plaintiffs and members of the proposed Class members for the tort of conversion.

52. Plaintiffs, the Representative Plaintiffs and the proposed Class members claim money damages in an amount that will fairly and reasonably compensate them for the harm caused by the Defendants. In addition, the Plaintiffs claim damages for mental anguish in an amount to be determined by the jury that are fair and reasonable in consideration of the nature, severity, and length of time of the conversion caused by the Defendants.

## **COUNT FOUR – WANTANNESS AND PUNITIVE DAMAGES**

53. Plaintiffs incorporate all prior paragraphs as if restated herein.

54. Defendants owe a duty to Plaintiffs and the proposed Class to exercise due and reasonable care in the handling the financial property interests of their customers, specifically ensuring the property taxes on Plaintiffs' and the proposed Classes' property was paid, as contracted for in their mortgage agreement. By its acts and omissions described herein, Defendants unlawfully breached this duty.

55. In breaching the duties described above, Defendants acted in a wanton, willful, and reckless manner in regard to Plaintiffs' and the proposed Classes' property rights and interests.

56. Defendants knew or should have known the danger to Plaintiffs and the proposed Class created by Defendants' conduct, practices, actions, and inactions.

57. Defendants knew or should have known of the likely impact, harm, damage, and injury their conduct would have on the Plaintiffs and the proposed Class.

58. Defendants' conduct, practices, and inactions evidence Defendants' reckless disregard for Plaintiffs' property and of Representative Plaintiffs and members of the proposed Class.

59. In addition to compensatory damages, Defendants should also be liable for punitive damages as a result of Defendants' wantonness in an amount determined by the character and degree of Defendants'' wrongful conduct, and the necessity to prevent the same or similar wrongful conduct by the defendants and others in the future.

### COUNT FIVE – CLAIM FOR INJUNCTIVE RELIEF

60. Plaintiffs re-allege all prior paragraphs as if set forth fully herein.

61. Plaintiffs request that this Court enter an Order enjoining Defendant from continuing the conduct described above and require Defendant to take all steps necessary to ensure the monies paid by Plaintiffs and members of the proposed Class to Defendant for their property taxes are paid to their respective County Tax Collectors.

62. There is continuing irreparable injury to Plaintiffs and the proposed Class if an injunction does not issue, as Defendants' continued failure to pay Plaintiffs' property taxes poses a continuing threat to Plaintiffs' property interests, as well as to the property interests of Representative Plaintiffs and Class Members, and there is no adequate remedy at law.

### RELIEF DEMANDED

**WHEREFORE PREMISES CONSIDERED**, Plaintiffs and Members of the above proposed Class respectfully request this Court to grant the following relief:

a) Award Individual Plaintiffs, the Dabbs, damages in an amount sufficient to compensate it for real property damage, loss of use of property, out of pocket expenses, and reasonably ascertainable future expenses;

b) Award Representative Plaintiffs and Members of the Class damages in an amount sufficient to compensate them for real property damage, loss of use of property, loss of quality of life, aggravation and inconvenience, and emotional distress;

c) Issue an injunction requiring Defendants to pay Plaintiffs' property taxes with the monies Plaintiffs paid to Defendants as part of their monthly mortgage payment and

to prevent Defendants from continuing to pose a threat to Plaintiffs' property interests;

d) Award attorney fees and costs and expenses incurred in connection with the litigation of this matter;

e) That this case be certified as a Class action pursuant to Rule 23 of the Federal Rules of Civil Procedure; and

f) Award such other and further relief as this Court may deem just, proper, and equitable.

## JURY TRIAL DEMAND

Plaintiff, on behalf of himself and the Class, demands a trial by jury on all issues so triable.

Respectfully Submitted,

**CHARLES & AMANDA DABBS**,

By:  */s/ Casey L. Lott*
CASEY L. LOTT (LOT007)
Attorney for Plaintiff

**LANGSTON & LOTT, PLLC**
100 South Main Street
Post Office Box 382
Booneville, MS 38829
Telephone: (662) 728-9733
Facsimile: (662) 728-1992
Email: clott@langstonlott.com

## **REQUEST FOR SERVICE BY CERTIFIED MAIL**

Pursuant to FRCP 4.1 and 4.2, Plaintiff request service of the foregoing Complaint by certified mail.

**PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL AT:**

Mr. Cooper Group Inc.
8950 Cypress Waters Blvd
Coppell, TX 75019